UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TOMMIE L. CARTER,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>ANTHONY WALKER,<br><br>　　　　　　　　　Defendant. | Case No. 16-CV-1688-JPS<br><br><br><br>**ORDER** |

　　　　Plaintiff, a prisoner proceeding *pro se*, filed a complaint in the above-captioned action. Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. (Docket #2). The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff proceeding *in forma pauperis* is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1).

　　　　Under the PLRA, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. *Id.* § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). (Docket #6). A review of this information reveals that, for the six-month period immediately preceding the filing of the instant complaint, the average monthly deposit in Plaintiff's prison account was zero and the average monthly balance to the account was zero. Thus, Plaintiff has neither assets nor means to pay the initial partial filing fee.

However, a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Therefore, Plaintiff will be granted a waiver of payment of the initial partial filing fee in this case. However, he is still obligated to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). *See id.* § 1915(b)(1).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis*, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that his action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in forma pauperis*. This analysis of the complaint is not undertaken by the court until after the initial partial filing fee is paid. Accordingly, Plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under Section 1915(g).

**Notice to Plaintiff**: If you do not wish to proceed with this action to avoid incurring a "strike" under Section 1915(g), you must notify the court

by filing a letter with the Clerk of Court on or before **January 25, 2017**, stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under Section 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff will not be required to pay an initial partial filing fee. If Plaintiff fails to file a notice of dismissal by **January 25, 2017**, the court will review the complaint to determine whether the action is frivolous or malicious or whether the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order directing that the initial partial filing fee be withdrawn from his release account (Docket #5) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 11th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge